UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAROL FLANNIGAN** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 22-3080** |
| **UNIVERSAL STEEL AMERICA, INC., ET AL.** | **SECTION: "J"(5)** |

**PARTIAL REPORT AND RECOMMENDATION**

On August 31, 2022, Plaintiff Carol Flannigan filed this lawsuit, naming as Defendants Randy Butler, Timothy Garcia, Melanie Madden Parish, Phillip Strickhausen, and Universal Steel America, Inc. ("USAI") (Rec. doc. 1). Plaintiff sues USAI for violations of the Equal Pay Act of 1963, 29 U.S.C. §§ 206(d) *et seq.* ("EPA"), the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Lilly Ledbetter Fair Pay Act of 2009, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"); the Emergency Paid Sick Leave Act ("EPSLA"); and Louisiana Revised Statute §§ 23:631-632 – Discharge or Resignation of Employees; Payment after Termination of Employment ("Sections 23:631-632"); and against each of USAI, Randy Butler ("Butler"), Timothy Garcia ("Garcia"), Phillip Strickhausen ("Strickhausen"), and Melanie Madden Parish ("Madden") (collectively, "Defendants") for Intentional Infliction of Emotional Distress.

At the same time as filing her complaint, Plaintiff filed five waiver of service forms, one for each Defendant. Only USAI returned the waiver form. (Rec. doc. 10). On January 26, 2023, this Court ordered Plaintiff to show cause by February 21, 2023 why she had not

requested service on Defendants or received executed waiver forms.  (Rec. doc. 9).  Plaintiff **failed to respond to this Court's show cause order**.  The Court expressly warned Plaintiff that noncompliance with that order or failure to show cause for noncompliance could result in dismissal of her claims against the individual Defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  (Rec. doc. 9).

In pertinent part, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – ***must*** dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).  Dismissal is appropriate when service has not been properly effected due to the inaction or dilatoriness of a plaintiff.  *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

More than 90 days have elapsed since this lawsuit was filed.  Despite the passage of that extensive period of time, Plaintiff has neither served the individual Defendants nor reached out to them regarding the waiver of service forms.  Despite being given express notice that her claims against Defendants could be dismissed unless Plaintiff showed good cause for failing to serve Defendants or receive and file executed waiver forms, Plaintiff failed to respond to the Court's notice.  Accordingly, this Court finds that dismissal of her complaint against the four individual Defendants is now appropriate.  *See, e.g., Gipson v. Keith*, 678 F. App'x 264, 266 (5th Cir. 2017); *Triplett v. LeBlanc*, 642 F. App'x 457, 459-60 (5th Cir. 2016); *Armant v. Stalder*, 351 F. App'x 958, 959 (5th Cir. 2009).  For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's complaint against Randy Butler, Timothy Garcia, Melanie Madden Parish, and Phillip Strickhausen be **DISMISSED WITHOUT PREJUDICE** for failure to timely effect service on them under Federal Rule of Civil Procedure 4(m).

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 16th day of March, 2023.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

3